IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JERRY WILLIAMS,                                                        PETITIONER

V.                                                            NO. 1:05CV119-D-D

CLAY COUNTY JAIL, ET AL,                                              RESPONDENTS


**O P I N I O N**

This cause comes before the court on the petition of Jerry Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in the Clay County Jail, but it is impossible to determine whether he is in pretrial confinement or whether he has been convicted. Petitioner states that sometime in 1999 he was convicted of child abuse, but that he never entered a plea and has not been sentenced. He also says that he has been waiting to go to court for three and a half years.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he has not filed any actions whatsoever in the state court system. Although the petition states that Williams has been awaiting trial for a substantial period of time, the court has checked with the Clay County Jail and has been informed that he has been incarcerated only for short periods of time, usually when he has failed to appear at court. This court has contacted the Circuit Court Clerk in Clay County, Mississippi, and the court docket reflects that several

hearings have been scheduled for petitioner Williams and that he has failed to appear at the scheduled hearings. That as a result of Williams' failure to appear, his appearance bond has been revoked and he has been arrested. This court is informed that as a result of the foregoing, Williams has been in and out of jail several times. It is clear that Williams has not "provide[d] the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of June, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE